SANDPIPER NORTH APARTMENTS, LTD., a limited partnership, Sandpiper South Apartments, Ltd., a limited partnership, Chet Leonhardt, Jr., Karrol Spence, and Sidney Davidoff, Appellants,

v.

AMERICAN NATIONAL BANK AND TRUST COMPANY OF SHAWNEE, Shawnee, Oklahoma, a national banking corporation, Midwest Engineering, Inc., a corporation, Dale B. Morrow, Robert E. Morrow, Sue Morrow, T. R. G. Trust, a trust organization, T. R. Garretson, Trustee for Defendant Midwest Engineering, Inc., and T. R. G. Trust, Appellees.

No. 50652.

Supreme Court of Oklahoma.

Sept. 11, 1979.

Raymond E. Tompkins, Hanson, Peterson & Tompkins, Inc., Oklahoma City, Kenneth Abernathy, Abernathy & Ingram, Shawnee, for appellants.

Richard N. Steed, Steed & Bushong, Shawnee, for appellee, American National Bank and Trust Company of Shawnee.

Eagleton, Nicholson & Pate, Oklahoma City, for appellee, T. R. Garretson, Trustee for Midwest Engineering, Inc.

Speck, Philbin, Fleig, Trudgeon & Lutz, Oklahoma City, for appellees, Robert E. Morrow and Sue Morrow.

Houston & Klein, Inc., Tulsa, for appellee, Dale B. Morrow.

LAVENDER, Chief Justice:

Midwest Engineering, Inc., a corporation, and one of the appellees (Midwest), entered into three separate sub-contracts on two apartment complex construction contracts for a total of six sub-contracts with the general contractor, Chet Leonhardt, Jr. (contractor), an appellant. One owner was Sandpiper North Apartments, Limited, a limited partnership, and the other owner was Sandpiper South Apartments, Limited, a limited partnership. The owners and the general contractor are encompassed in the term "contractors" and constitute the appellants. The three separate sub-contracts with Midwest contain the same general terms and are principally for (1) plumbing, (2) heating and air-conditioning, and (3) utilities.

Midwest gave an assignment of the proceeds of its sub-contracts to American National Bank and Trust Company of Shaw-

nee (bank) as security on bank loans financing Midwest's sub-contracts. Contractor was given knowledge of and approved the assignments as provided in the sub-contracts. Contractor made progress payments on the sub-contracts' work jointly to Midwest and the bank, with those funds placed in an account with the bank. From the account, some lien claimants of the sub-contractor were paid. Other monies from this account were applied to other Midwest indebtedness. Contractor subsequently cancelled the sub-contracts for failure of Midwest to keep the construction projects free of lien claims. Contractors brought action to recover amounts paid under the sub-contracts with the bank included as a defendant.

Contractors' petition, as amended, contained four causes of action. Bank filed a general demurrer against each cause of action. Trial court sustained those demurrers, and dismissed the case. Contractors appeal. Though all defendants are named appellees in the petition in error, only the bank briefs and by that brief agrees the appeal issue is the sustaining of its general demurrers testing the petition as to its stating a cause of action.

Contractors contend a cause of action was stated under (1) a statutory construction fund trust, (2) a constructive trust, (3) a third party beneficiary contract, (4) an estoppel, and (5) the Uniform Commercial Code.

The statutory construction fund trust of 42 O.S.1971, §§ 152, 153 was applied in *D. McGlumphy v. Jetero Construction Co., Inc., Okl., 593 P.2d 76 (1979),* and held an obligation was owed to the contractor for proper distributing of construction funds in payment of valid lienable claims. *McGlumphy, supra,* discussed the problem of impressing

construction funds with the trust obligation from their source and the need for notice or knowledge that the monies come from transactions encompassed in §§ 152, 153. Language [1] from *America Blower Corp. v. James Talcott, Inc., 18 Misc.2d 1031, 194 N.Y.S.2d 630, 640 (Sup.Ct.1959)* is there used to hold the form of payment does not change the character of construction trust funds when coupled with knowledge or notice as to the source of the funds. As in *McGlumphy, supra,* we impress the statutory trust on the funds paid to Midwest and the bank for joint payment carried with it notice the funds came from the general contractor, Leonhardt. Argument to sustain the demurrer is directed at refusing to recognize the statutory trust in present case rather than of insufficient allegation of facts upon application of §§ 152, 153. Our holding the proceeds of the construction project which were paid to Midwest and the bank were subject to the trust provided by statute (42 O.S.1971, §§ 152, 153) is limited to valid lienable claims. Section 153 does not affect funds in excess of the total of such claims.

With this jurisdiction having available to it a statutory construction trust fund theory established by legislation as public policy, we decline to recognize and apply legal theories of constructive trust, third party beneficiary contract, and estoppel as basis to impress construction funds with a trust to pay lienable claims. The trial court was in error in sustaining the demurrer as to the first cause of action under the statutory trust fund application. We do not reverse its decision as to the second, third, and fourth causes of action.

We do not pass on contractor's contention of a cause of action under 12 A § 9–318(1)(a, b).[2] Contractors principally rely

1. "A trust, statutory or otherwise, is governed by common law principles. Thus, trust funds do not lose their character as such merely by being deposited in a bank for the individual credit and account of a person whom the law, in effect, makes a trustee . . . * * *."

2. "(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in

Section 9–206 the rights of an assignee are subject to

(a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and
(b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."

on *Farmers Acceptance Corporation v. De-Lozier, 178 Colo. 291, 496 P.2d 1016 (1972)* for that position. Even under that authority, the payments that the assignee (bank) cannot retain are mistaken, or negligent, payments made to it by the debtor (contractor) with no subsequent change of position by the assignee (bank). Alleged facts in the first cause of action pointed to in contractor's brief do not sustain any conclusion of mistaken or negligent payments under the sub-contract. Rather, the allegations suggest payment on the contract accounts as allowed by the sub-contracts on the value of the work performed. Thrust of the allegations is not improper payment under the sub-contract, but rather improper application after receipt of funds generated by the sub-contracts.

Reversed and remanded.

All of the Justices concur.